IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | CASE NO.  1:19-CR-184-MHC-JSA |
| ) | |
| JIM C. BECK ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE COURT**

COMES NOW Defendant, Jim C. Beck, by and through his counsel of record, and files this Objection to the Magistrate's Report and Recommendation (the "R&R"). In support thereof, Defendant relies upon the argument set out in his previously-filed briefs and adopts the same as his objections to the R&R. Furthermore, Defendant specifies below with particularity errors contained in said R&R which recommended denial of Defendant's Amended Motion and Memorandum to Disqualify Counsel and to Suppress Statements. (Doc. 33).

(1)     The R&R is internally inconsistent on the issue of whether there is "applicable judicial precedent" under Georgia Bar Rule 4.2. See Ga. Rules of Prof. Conduct R. 4.2, cmt. 2 (emphasis added). Even while acknowledging that "no controlling precedent has been issued by the Eleventh Circuit or Georgia's appellate courts" with respect to the Georgia rule (R&R at 1), and even though

1

Defendant's reply brief expressly pointed to binding federal and state authorities that clearly establish what the term "precedent" means within the Eleventh Circuit and under state law,[1] the R&R instead relies on a Black's Law Dictionary definition of the term. See R&R at 15. Based on that reasoning, the R&R then states that the government's conduct in this case complied with Georgia Bar Rule 4.2, because other courts interpreting other rules in other states have allowed "legitimate, covert, criminal investigative activities prior to a formal charge." R&R at 1.

Defendant respectfully submits this reasoning is inconsistent with the language that requires "applicable judicial precedent" for Georgia Rule 4.2. In applying that term, this Court must be guided by the Eleventh Circuit and the Georgia Constitution, rather than Black's Law Dictionary. In the absence of such precedent, the rule was violated.

Defendant also respectfully submits that there is no "chicken-or-egg problem." See R&R at 16. In this case, the government could have sought a court order before proceeding, as that is referenced in Rule 4.2(a) as a permissible option. The government could have set out its proposed course of conduct, and a court could have set out the boundaries for permissible investigations under

---

[1] See Defendant's Reply in Support of Amended Motion to Disqualify Counsel and to Suppress Statements (Doc. 41) at 8-11.

Georgia Rule 4.2. In so doing, the court would presumably have been guided by Chief Judge Moore's reasoning in United States v. Tapp, No. CR107-108, 2008 WL 2371422 *16 (S.D.Ga. June 4, 2008). Instead of going that route, the government sought forgiveness rather than permission. The R&R now blesses that course of conduct.

The fact remains, however, that there was neither a court order in place nor any applicable judicial precedent finding either that Georgia Rule 4.2 was inapplicable to the government's conduct or that the government's conduct was authorized by it. As such, on its face a violation occurred.

(2) The R&R would establish a precedent that, notwithstanding the mandates of Rules 4.2 and 3.4, there are virtually no limits on the government's ability to conduct covert criminal investigations prior to indictment. Without conducting any evidentiary hearing on the facts of this case, the R&R simply presupposes that the government's conduct in this case was included in the category of "legitimate" investigative activities set out in case in law in other jurisdictions (see R&R at 1). The R&R reasoning, and its heavy focus on permitting broad government investigations prior to indictment, would allow the government always to sidestep the mandates of Rules 3.4 and 4.2 by delaying the filing of an indictment until such time as it had had an opportunity to

surreptitiously record the represented individual it was about to indict. In short, the R&R would effectively vitiate Rules 3.4 and 4.2 prior to indictment.

(3) The R&R focuses almost entirely on Georgia Rule 4.2 and the case law interpreting other versions of that no contact rule in other states, and largely ignores Defendant's argument based on Rule 3.4. Rule 3.4, which is entitled "Fairness to Opposing Party and Counsel," prohibits lawyers from obtaining evidence using methods that violate the legal rights of either another party or that party's counsel. Defendant's counsel had a right to prevent opposing counsel from surreptitiously contacting his client to attempt to obtain admissions about prior conduct or to engage in separate criminal conduct such as witness tampering or obstruction of justice. Notwithstanding that Rule 3.4 provides an independent basis for Defendant's requested relief, the R&R treats this as indistinguishable from the Rule 4.2 argument, finding that because there was no violation of Rule 4.2 there was thus no violation of Rule 3.4. See R&R at 18. Defendant respectfully submits that this was error.

(4) The R&R misapplies Defendant's argument regarding the McDade Amendment. See R&R at 19. Defendant asserts that, if the government's conduct violated Rule 3.4 or Rule 4.2, it also necessarily violated the McDade Amendment, a federal statute. Such a violation would warrant suppression as a permissible remedy under the Federal of Evidence. Defendant noted that, on this issue, this

4

Court is bound to follow the contrary conclusion of the Eleventh Circuit in <u>United States v. Lowery</u>, 166 F.3d 1119 (11th Cir.1999), but he has asserted a good faith argument for the reversal of this precedent.

The R&R, however, instead rejects Defendant's argument on the basis of a regulation adopted by the Attorney General.  <u>See</u> R&R at 19 (citing 28 C.F.R. § 77.5).  The R&R relies on the fact that, in that regulation the Attorney General stated that violations of the McDade Amendment "shall not be a basis for . . . excluding relevant evidence . . . ."  The Department of Justice lacks the authority to draft a regulation that purports to overrule either a federal statute or the Federal Rules of Evidence. The R&R's reliance on this regulation is misplaced.

Wherefore, Defendant respectfully requests that the District Court conduct a de novo review, that his objections be sustained, and that the trial Court reverse the Magistrate's Report and Recommendation consistent with the objections herein.
[Signature Page to Follow]

///

///

///

Dated: December 2, 2019.

/s/ William H. Thomas Jr.
William H. Thomas, Jr.
The W.H. Thomas Firm, LLC
Georgia Bar No. # 706610
511 East Paces Ferry Road
Atlanta, GA 30305
bill@whthomasfirm.com
(404) 897-3523 (office)
(678) 965-1781 (fax)

/s/ Douglas Chalmers Jr.
Douglas Chalmers, Jr.
Chalmers & Adams, LLC
Georgia Bar No. 118742
5805 State Bridge Rd. #G77
Johns Creek, GA 30097
dchalmers@cpblawgroup.com
770-630-5927 (office)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:19-CR-184-MHC-JSA |
| ) | |
| JIM C. BECK ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served a copy of the foregoing Defendant's Objections to the Report and Recommendation of the Magistrate Court on all parties of record via the electronic filing system ("ECF").

Dated: December 2, 2019.

/s/ William H. Thomas Jr.
William H. Thomas, Jr.
The W.H. Thomas Firm, LLC
Georgia Bar No. # 706610
511 East Paces Ferry Road
Atlanta, GA 30305
bill@whthomasfirm.com
(404) 897-3523 (office)
(678) 965-1781 (fax)