# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIM C. BECK,<br><br>**Defendant.** | CRIMINAL ACTION FILE<br><br>NO. 1:19-CR-184-MHC-JSA |

## ORDER

This action comes before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Justin S. Anand [Doc. 45] recommending that Defendant's Amended Motion to Disqualify Counsel and to Suppress Statements ("Def.'s Mot.") [Doc. 33] be denied. The Order for Service of the R&R [Doc. 46] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Defendant has filed objections to the R&R ("Def.'s Objs.") [Doc. 48].

## I. LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties

filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). If there are no specific objections to factual findings made by the Magistrate Judge, there is no requirement that those findings be reviewed *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993) (citations omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and may accept the recommendation if it is not clearly erroneous or contrary to the law. FED. R. CRIM. P. 59(a). In accordance with 28 U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. DISCUSSION

As an initial matter, in support of his Objections, Defendant "relies upon the argument set out in his previously-filed briefs and adopts the same as his objections to the R&R." Def.'s Objs. at 1. "[A] party does not state a valid

2

objection to an R&R by merely incorporating by reference previous filings." Hammonds v. Jackson, No. 13-CV-711-MHS, 2015 WL 12866453, at *6 n.2 (N.D. Ga. May 18, 2015); see also Jacobs v. Usner, No. CV 08-470, 2016 WL 4803917, at *1 (W.D. Pa. Sept. 14, 2016) ("When filing objections to a report and recommendation, underlying briefs may not be incorporated by reference."); Masimo Corp. v. Philips Elec. N.A. Corp., 62 F. Supp. 3d 368, 376 (D. Del. 2014) (holding that underlying briefs may not be incorporated by reference when filing objections to a report and recommendation); Morrison v. Parker, 90 F. Supp. 2d 876, 878 (W.D. Mich. 2000) (citations omitted) ("Plaintiffs' general, nonspecific objections, purporting to incorporate by reference their earlier brief, are tantamount to no objection at all and do not warrant further review."). Accordingly, the Court will not review the prior arguments made by Defendant to Judge Anand, but only will consider specific objections made to the R&R.

Defendant first criticizes the R&R for being "internally inconsistent" as to whether Rule 4.2(a) of the Georgia Rules of Professional Conduct, which restricts a lawyer's communications with another person known to be represented by a lawyer, also bars the government's use of a cooperating informant to communicate with a represented defendant prior to the issuance of an indictment. Def.'s Objs. at 1-3. The relevant rule states as follows: "A lawyer who is representing a client in

a matter shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order." Ga. R. Prof. Conduct 4.2(a). The commentary to Rule 4.2(a) provides an important exception with respect to law enforcement activities:

> A lawyer having independent justification or legal authorization for communicating with a represented person is permitted to do so. . . . Communications authorized by law . . . include constitutionally permissible investigative activities of lawyers representing governmental entities, directly or through investigative agents. Prior to the commencement of criminal or civil enforcement proceedings, when there is applicable judicial precedent that either has found the activity permissible under this Rule or has found the Rule inapplicable.

Ga. R. Prof. Conduct 4.2(a), cmts. 1-2.

Judge Anand found as follows: (1) there appears to be no Georgia judicial precedent as to whether pre-indictment, covert criminal investigative activities are authorized under Rule 4.2, (2) at least one Georgia Superior Court Judge and many federal courts have found such conduct to be permissible, (3) the few cases cited by Defendant that have found or suggested potential violations involved overt, direct contacts by prosecutors or law enforcement agents directed by them as opposed to undercover informants, and (4) there are strong policy reasons why Rule 4.2(a) should not apply to legitimate, covert investigation techniques. R&R at 4-14. Notwithstanding the above, because there is no binding judicial precedent

in Georgia, Defendant argues that the Court should conclude that the United States' activity in using a cooperating witness (referred to in the indictment as "M.B.") is illegal because it violates Rule 4.2(a) and there is an absence of Georgia legal precedent. Def.'s Mot. at 10; Def.'s Objs. at 2. Judge Anand considered this argument and rejected it, finding that

> under the natural meaning of the phrase "applicable judicial precedent," the Court is not limited to binding decisions of the Supreme Court of the United States, the Eleventh Circuit, or Georgia's appellate courts. Rather, the Court can consider the overwhelming weight of the non-binding but persuasive caselaw from neighboring or other inferior jurisdictions dealing with the same or similar issues.
>
> \*\*\*\*
>
> Thus, while Georgia'[s] no-contact rule applies to pre-indictment conduct by prosecutors, this Court finds persuasive the great majority of the cases that have found covert investigative contacts by informants to be within the "authorized by law" exception. Thus, the Court finds no violation based on the facts alleged here.

R&R at 16-17 (footnote omitted).

This Court agrees with Judge Anand. Defendant's position that, in the absence of binding precedent as to what is acceptable conduct under a Georgia Rule of Professional Conduct, all such conduct becomes automatically illegal, would lead to absurd results. Even when there is no binding precedent with respect to the interpretation of constitutional, statutory, or regulatory provisions, courts in this circuit frequently consider the authority of other courts that have considered

5

the same issue to be persuasive. See, e.g., Carden v. Town of Harpersville, No. 2:15-CV-01381-RDP, 2017 WL 4180858, at *19 (N.D. Ala. Sept. 21, 2017); United States v. $83,274.51, No. 2:13-CV-153-JEO, 2013 WL 5524729, at *4 (N.D. Ala. Sept. 30, 2013); United States v. Jackson, No. CR295CR174-WHA, 2007 WL 1125646, at *1 (M.D. Ala. Apr. 16, 2007). Moreover, the modifier "applicable" to the term "judicial precedent" in the commentary to Rule 4.2(a) indicates that the precedent is not limited to "binding" authority but includes persuasive authority if the judicial opinion is otherwise "applicable" to the conduct at hand.

Defendant's position is particularly curious because he finds fault with Judge Anand's failure to rely upon the district court's decision in United States v. Tapp, No. CR107-108, 2008 WL 2371422, at *1 (S.D. Ga. June 4, 2008), a case which, of course, is not binding authority. This Court does not find Tapp to be persuasive authority in the present context either because it did not involve the question of whether Rule 4.2(a) prohibits the government's use of a cooperating informant against the target of an investigation prior to indictment when the target has retained a lawyer.

In Tapp, the target of an investigation was called by the prosecutor before the grand jury and voluntarily appeared and testified, but the prosecutor did not

6

notify the target's lawyer. Tapp, 2008 WL 2371422, at *3. The Tapp court first considered whether federal prosecutors should be exempted from the so-called "No-Contact Rule" and concluded (again, after considering decisions from courts outside this circuit) that "there seems to be a unified perception by the courts that the No-Contact Rule should apply to all lawyers, including federal prosecutors." Id. at *15. After a review of several cases which discussed whether the No-Contact Rule should apply to pre-indictment prosecutorial conduct (about which courts are not in harmony), the Tapp court found persuasive the reasoning that there should not be an absolute bar upon such conduct, that situations should be addressed on a case-by-case basis, and that "this Court believes that pre-indictment contact with representative persons should not be the [g]overnment's standard practice." Id. at *15-16. The bottom line in Tapp was that the court found the conduct of the prosecutor to be a "bad practice" which "served no investigative purpose" and would have removed the prosecutor from the case had she not already been removed by the United States Attorney. Id. at *19-20.

Tapp involved a direct contact by the prosecutor, and there was no such conduct complained of in this case. The cases cited by Judge Anand distinguish that situation and hold that disciplinary rules similar to Rule 4.2(a) do not prohibit criminal investigative techniques such as the one used in this case. See R&R

7

at 5-6.

> Finding, as it must, that Rule 4.2(a) [of the Utah Rules of Professional Conduct][1] applies under the circumstances of this case to prohibit overt government contact with [d]efendant as a person known to them to be represented by counsel in the matter under investigation, does not, the court stresses, implicate the policy concerns expressed by other courts in evaluating the application of no-contact rules. Courts considering the [g]overnment's actions in light of various no-contact rules have virtually uniformly, since at least United States v. Hammad, 858 F.2d 834 (2d Cir. 1988), considered and weighed the [g]overnment's legitimate interest in law enforcement and investigating crimes against the danger that through such *ex parte* contact, a target might be "tricked into giving his case away by opposing counsel's artfully crafted questions." [United States v.]Ryans, 903 F.2d [731,] 739 [(10th Cir. 1990)] (quoting United States v. Jamil, 707 F.2d 638, 645 (2d Cir. 1983)). This court's ruling does not in any way upset the "legitimate investigative techniques"—including "the use of informants to gather evidence against a suspect"—that prosecutors are expressly "authorized by law to employ" in conducting and supervising criminal investigations.

United States v. Koerber, 966 F. Supp. 2d 1207, 1233 (D. Utah 2013).

Next, Defendant, without citing any authority, contends that the R&R would establish a precedent that "there are virtually no limits on the government's ability to conduct criminal investigations prior to indictment." Def.'s Objs. at 3. The

---

[1] The relevant portion of Utah Rule of Professional Conduct 4.2(a) states: "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by a legal professional in the matter, unless the lawyer has the consent of the legal professional."

8

R&R is limited to the situation at hand, namely, did the United States in this case violate Rule 4.2(a) when it used a cooperating informant prior to indictment? Judge Anand and this Court find it did not. Indeed, were Defendant's position to be accepted, any person fearful of being a future target in a federal criminal investigation could retain an attorney, have that attorney write a letter to every United States Attorney advising of his representation of the individual, and any future criminal investigation of that individual that involved a conversation with an informant would be prohibited.

Defendant objects to the fact that the R&R focuses "almost entirely" on Rule 4.2(a) "and largely ignores Defendant's argument based on Rule 3.4" of the Rules of Professional Conduct. Def.'s Objs. at 4. Judge Anand gave that latter argument as much attention as Defendant did himself. See Def.'s Am. Mot. at 8-9 (Defendant's argument that "The Prosecutors Violated Rule 3.4" comprises just under eight lines of a sixteen-page brief). Rule 3.4(g) provides that a lawyer shall not "use methods of obtaining evidence that violate the legal rights of the opposing party or counsel." Ga. R. Prof. Conduct 3.4(g). Defendant cites no authority that supports his contention that using an informant to communicate with a suspect would violate his legal rights.

Finally, Defendant asserts that the R&R "misapplies Defendant's argument regarding the McDade Amendment." Def.'s Objs. at 4 (citing R&R at 19). As a matter of fact, in his motion, Defendant did not make much of an argument regarding the federal statute known as the McDade Amendment, 28 U.S.C. § 530B. The entire reference in Defendant's motion was as follows:

> The Georgia Rules of Professional Conduct (the "Bar Rules") apply to prosecutors when handling investigations and prosecutions in this Court. See 28 U.S.C. § 530B(a) ("An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State.").

Def.'s Mot. at 5. There was then a footnote which stated: "The law also provides that '[t]he Attorney General shall make and amend rules of the Department of Justice to assure compliance with this section.' Id. at § 530B(b)." Id. There was no further reference to these code sections in the remainder of Defendant's Motion.

Defendant now specifically asserts that if the United States' conduct violated the Georgia Rules of Professional Conduct, then it also violated the McDade Amendment, which would warrant suppression of the evidence obtained from the informant in this case. Def.'s Objs. at 4-5. Pretermitting the question of whether this specific argument was properly raised in the first instance before Judge Anand, Defendant recognizes that this position is contrary to the decision of the United

the United States Court of Appeals for the Eleventh Circuit in <u>United States v. Lowery</u>, 166 F.3d 1119 (11th Cir. 1999), which held as follows:

> When it comes to the admissibility of evidence in federal court, the federal interest in enforcement of federal law, including federal evidentiary rules, is paramount. State rules of professional conduct, or state rules on any subject, cannot trump the Federal Rules of Evidence. Cf. <u>Baylson v. Disciplinary Bd. of Supreme Court of Pa.</u>, 975 F.2d 102, 111–12 (3d Cir. 1992) (refusing to apply in federal court a state ethics rule that was inconsistent with the Federal Rules of Criminal Procedure and interfered with federal grand jury practice). Federal Rule of Evidence 402 provides:
>
> > All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. That is an exclusive list of the sources of authority for exclusion of evidence in federal court. State rules of professional conduct are not included in the list.

<u>Id.</u> at 1125 (footnote omitted). Although this is binding precedent[2], Defendant contends he "has asserted a good faith argument for reversal of this precedent" and is making his objection to preserve the record. Def.'s Objs. at 5.

## III. CONCLUSION

Accordingly, after a *de novo* review of those portions of the R&R to which Defendant objects, the Court **OVERRULES** his objections [Doc. 48]. Finding no

---

[2] Federal district courts of this circuit are bound by the precedents of the Eleventh Circuit Court of Appeals. <u>In re Hubbard</u>, 803 F.3d 1298, 1309 (11th Cir. 2015).

11

clear error in the remaining portions of the R&R, the Court **ADOPTS** the R&R [Doc. 45] as the Opinion and Order of the Court.

It is hereby **ORDERED** that Defendant's Amended Motion to Disqualify and to Suppress Statements [Doc. 33] is **DENIED.**

**IT IS SO ORDERED** this 12th day of December, 2019.

_____
MARK H. COHEN
United States District Judge