IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | |
| ) | CASE NO.  1:19-CR-184-MHC-JSA |
| ) | |
| JIM C. BECK ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S RESPONSE TO GOVERNMENT'S
CONSOLIDATED MOTION IN LIMINE

COMES NOW Defendant, Jim C. Beck, by and through his counsel of record, and hereby files this response to the Government's Consolidated Motion in Limine (the "Motion").

I.    Introduction. In the Motion, the government asks the Court to exclude evidence of "general good character and of specific instances of good conduct," evidence "that could promote jury nullification," and evidence "of the penalties associated with the charged offenses." Defendant does not object to the Motion to the extent that it applies to jury nullification or the penalties associated with the charged offenses, as Defendant has no intention of introducing such evidence. Defendant does, however, object to the Motion to the extent that it suggests that he may not introduce relevant evidence which he has a right to introduce under the

1

Constitution, statutes, the Federal Rules of Evidence or other applicable law merely because it may bear on his character or conduct.

    II.    <u>Defendant Preserves His Right to Present a Complete Defense</u>. As the Court is aware, the admissibility of evidence is governed primarily by the Federal Rules of Evidence. Court rulings on the admissibility of evidence are also subject to the Fifth and Sixth Amendment mandates that a defendant be allowed to prepare a complete defense. The relevant standards were discussed just last year by the Eleventh Circuit in <u>United States v. Ruan</u>, 966 F.3d 1101, 1155 (11th Cir. 2020).

In that case, the court noted as follows:

> In [<u>United States v. Hurn</u>, 368 F.3d 1359 (11th Cir. 2004)], this Court pointed to four circumstances in which a district court's exclusion of a criminal defendant's evidence might violate the Constitution:
>
> First, <u>a defendant must generally be permitted to introduce evidence directly pertaining to any of the actual elements of the charged offense or an affirmative defense</u>. Second, a defendant must generally be permitted to introduce <u>evidence pertaining to collateral matters that, through a reasonable chain of inferences, could make the existence of one or more of the elements of the charged offense or an affirmative defense more or less certain</u>. Third, a defendant generally has the right to introduce evidence that is not itself tied to any of the elements of the crime or affirmative defense, but that could have a substantial impact on the credibility of an important government witness. Finally, a defendant <u>must generally be permitted to introduce evidence that, while not directly or indirectly relevant to any of the elements of the charged events, nevertheless tends to place the story presented by the prosecution in a significantly different light</u>, such that a reasonable jury might receive it differently.

Ruan, 966 F.3d at 1155 (citations omitted) (emphasis added). In light of this, the government's assertion that "defendants are only constitutionally entitled to present evidence that is relevant to an element of the charged offense or to an affirmative defense," Motion at 2, is not an entirely accurate recitation of the law.

A number of the principles discussed in Ruan are likely to be implicated in the upcoming trial. Defendant fully reserves his right to introduce evidence consistent with these standards. The Court should not exclude the same on the ground that such evidence may indirectly shed light on Mr. Beck's character, and/or that it involves acts of good conduct in carrying out his duties on behalf of GUA.

For example, Mr. Beck disputes that he intended to defraud GUA or cause it any harm. That is, quite obviously, a necessary element of the government's fraud charges. Mr. Beck will also assert an affirmative defense of good faith. As the Eleventh Circuit has repeatedly confirmed, a defendant must be permitted to introduce evidence directly pertaining to the elements of the offense and/or to an affirmative defense. Ruan, 966 F.3d at 1155; Hurn, 368 F.3d at 1363-64 (The most obvious component of a defendant's Fifth and Sixth Amendment right to present evidence in his favor is to present evidence that has a direct bearing on a formal element of the charged offense. . . . This reasoning applies with equal force to directly proving the existence of an element of an affirmative defense."). Such

evidence may not be excluded on the basis that the government believes that it improperly portrays Mr. Beck's character in a positive light.

Similarly, Mr. Beck fully reserves his right to present evidence that, whether or not it is relevant to any of the elements of the charged offenses, tends to place the story presented by the prosecution in a significantly different light. That includes evidence related to the transactions underlying the allegations in the Superseding Indictment.  On this issue, the government has elected to include allegations in the Indictment concerning how Mr. Beck "utilized the proceeds of the above-described fraud schemes for a variety of purposes." Indictment ¶ 24. This allegation, and others, clearly place at issue what Mr. Beck did with the revenue that was paid by GUA for the services provided by the various vendors (what the government describes as the proceeds of the alleged fraudulent scheme). Mr. Beck reserves his right to discuss what was done with those proceeds, as that may "tend to place the story presented by the prosecution in a significantly different light." Ruan, 966 F.3d at 1155.

> As the Eleventh Circuit noted in Ruan with respect to this factor:
>
> This circumstance recognizes that defendants have a right to combat "the government's selective presentation of entirely truthful evidence [that] cast[s] a defendant in an inaccurate, unfavorable light" or that makes "entirely legitimate, normal, or accepted acts appear unusual or suspicious." The Hurn court held that a defendant should be allowed "to introduce additional evidence to dispel this unjustified taint, even if that evidence does not directly or indirectly bear on a particular element of an offense."

Id. (citation omitted); see also United States v. Sheffield, 992 F.2d 1164 (11th Cir. 1993) (a defendant should be allowed to introduce evidence "to complete the story of the crime on trial"). The Court should not exclude such evidence based on the possibility that it may indirectly bear on Mr. Beck's character.

Finally, Defendant also fully reserves the right to introduce evidence to rehabilitate his credibility if he testifies and the government attempts to impeach that credibility. See F.R.E. 608(a).

III.   Conclusion. For the foregoing reasons, Defendant respectfully requests that the Court deny the Government's Consolidated Motion in Limine with respect to the issues addressed above. Defendant fully reserves his rights under the Constitution, the Federal Rules of Evidence, and other applicable law to introduce relevant evidence necessary to present a complete defense.

Dated: June 18, 2021

/s/ William H. Thomas Jr.
William H. Thomas, Jr.
The W.H. Thomas Firm, LLC
Georgia Bar No. # 706610
511 East Paces Ferry Road
Atlanta, GA 30305
bill@whthomasfirm.com
(404) 897-3523 (office)
(678) 965-1781 (fax)

<u>/s/ Randy S. Chartash</u>
Chartash Law, LLC
Georgia Bar No. 121760
3151 Maple Dr., NE
Atlanta, GA 30305
randy@chartashlaw.com
404-333-2423

<u>/s/  Douglas Chalmers Jr.</u>
Douglas Chalmers, Jr.
Chalmers & Adams, LLC
Georgia Bar No. 118742
5805 State Bridge Rd. #G77
Johns Creek, GA 30097
dchalmers@chalmersadams.com
770-630-5927 (office)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 1:19-CR-184-MHC-JSA |
| ) | |
| JIM C. BECK ) | |
| Defendant. ) | |

CERTIFICATE OF SERVICE

I hereby certify that on this day I served a copy of the foregoing Defendant's Response to Government's Consolidated Motion in Limine on all parties of record via the electronic filing system ("ECF").

Dated: June 18, 2021.

/s/ William H. Thomas Jr.
William H. Thomas, Jr.
The W.H. Thomas Firm, LLC
Georgia Bar No. # 706610
511 East Paces Ferry Road
Atlanta, GA 30305
bill@whthomasfirm.com
(404) 897-3523 (office)
(678) 965-1781 (fax)