# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JIM C. BECK,<br><br>**Defendant.** | CRIMINAL ACTION FILE<br><br>NO. 1:19-CR-184-MHC-JSA |

## ORDER

Defendant Jim C. Beck ("Beck") has been charged in a Superseding Criminal Indictment with twelve counts of wire fraud in violation of 18 U.S.C. § 1343, thirteen counts of mail fraud in violation of 18 U.S.C. § 1341, fourteen counts of money laundering in violation of 18 U.S.C. § 1957, and four counts of aiding in the filing of a false tax return in violation of 26 U.S.C. § 7206(2). Superseding Criminal Indictment [Doc. 22]. Trial is set to begin on July 12, 2021.

In the Order Rescheduling Trial [Doc. 94], the parties were directed to file any motions in limine on or before June 11, 2021, and responses to motions in limine on or before June 18, 2021. The United States timely filed its Motion in Limine. United States' Consolidated Motions in Limine ("Gov't's Mot. in Limine") [Doc. 97].

## I. GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE

### A. Motion to Exclude Improper Character Evidence

The Government argues that Beck should be precluded from introducing evidence of Beck's general good character or of specific instances of good character. Gov't's Mot. in Limine at 3-6. Beck objects insofar as he has the right to introduce relevant evidence consistent with the United States Constitution, statutes, and the Federal Rules of Evidence, and that "[t]he Court should not exclude the same on the ground that such evidence may indirectly shed light on Mr. Beck's character, and/or that it involved acts of good conduct in carrying out his duties on behalf of [the Georgia Underwriters Association]." Def.'s Resp. to Gov't's Mot. in Limine ("Def.'s Resp.") [Doc. 100] at 1-3.

The introduction of character evidence in a criminal case is limited. Rule 404(a)(2)(A) permits a defendant to offer evidence of his "pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." FED. R. EVID. 404(a)(2)(A). In this case, evidence of Beck's character for being law-abiding would be admissible. See United States v. Hough, 803 F. 3d 1181, 1190-91 (11th Cir. 2015). To be admissible, however, character evidence must be introduced in the form of opinion or reputation. FED. R. EVID. 405(a).

To elicit such evidence, defense counsel may ask a witness who has

> heard of the defendant about the defendant's reputation for the pertinent character trait. Defense counsel may also ask a witness who knows the defendant to give his opinion of the defendant's character as it relates to the pertinent trait. FED. R. EVID. 405(a). Once a witness provides character evidence on direct examination, the government can cross-examine the witness on relevant specific instances of the defendant's conduct.

Hough, 803 F.3d at 1191.

Consequently, the Government's Motion in Limine as to evidence of Beck's good character is **GRANTED IN PART AND DENIED IN PART**. Beck may offer evidence in the form of witness testimony of his pertinent character traits in accordance with Rule 404(a)(2)(A), that is, a witness' opinion as to Beck's reputation for being law-abiding; however, Beck cannot offer other general character evidence as to her accomplishments, contributions to society, or other general character traits.

### B. Motion to Preclude Evidence and Arguments Designed to Elicit Jury Nullification

The Government argues that Beck should be precluded from introducing evidence or making arguments designed to encourage jury nullification. Gov't's Mot. in Limine at 6-9. By way of example, the Government argues that Beck should not be permitted to introduce evidence or arguments related to the criminal statutes at issue, the consequences of conviction, Beck's employment status, Beck's religious beliefs or charitable work, or Beck's family status. Id. at 8-9.

3

Beck's response to the Government's Motion in Limine does not object to the motion as it applies to jury nullification. Def's Resp. at 1.

The Court agrees with the Government that Beck should not be permitted to present evidence or make argument designed to encourage jury nullification. See United States v. Trujillo, 714 F.2d 102, 106 (11th Cir. 1983) ("We therefore join with those courts which hold that defense counsel may not argue jury nullification during closing argument.").

Accordingly, the Government's Motion in Limine with respect to evidence or argument designed to elicit jury nullification is **GRANTED**.

### C. Motion to Preclude Evidence or Argument Related to Any Potential Penalty

The Government argues that testimony or argument regarding any potential penalties Beck may face is inappropriate and should not be permitted. Gov't's Mot. in Limine at 9-10. Beck's response to the Government's Motion in Limine does not object to the motion as it applies to the penalties associated with the charged offenses. Def's Resp. at 1.

The Court agrees with the Government that "[t]he question of punishment should never be considered by the jury in any way in deciding the case." United States v. McDonald, 935 F.2d 1212, 1222 (11th Cir. 1991).

Accordingly, the Government's Motion in Limine with respect to evidence of any potential penalty Beck may receive is **GRANTED** so as to prohibit Beck from presenting evidence or argument regarding the potential penalties or collateral consequences associated with a conviction for the charged offenses.

## II. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the United States' Consolidated Motions in Limine [Doc. 97] is **GRANTED IN PART AND DENIED IN PART** as stated more specifically in this Order.

**IT IS SO ORDERED** this 23rd day of June, 2021.

_____
MARK H. COHEN
United States District Judge