IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

JIM C. BECK

Criminal Action No.

1:19-cr-00184-MHC

**Combined Proposed Jury Instructions**

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Brent Alan Gray and Sekret T. Sneed, Assistant United States Attorneys, for the Northern District of Georgia, files this Combined Proposed Jury Instructions on behalf of the Government and the defendant, Jim C. Beck.  Where the proposed instruction is not agreed upon, the parties have indicated who is proposing the instruction and any opposition thereto.

Respectfully submitted,

KURT R. ERSKINE
    *Acting United States Attorney*


/s/BRENT ALAN GRAY
    *Assistant United States Attorney*
    Georgia Bar No. 155089
    brent.gray@usdoj.gov


/s/SEKRET T. SNEED
    *Assistant United States Attorney*
    Georgia Bar No. 252939
    sekret.sneed@usdoj.gov

1

**PROPOSED JURY INSTRUCTION NO. 1**
**Face Page - Introduction**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

                                        No. 1:19-CR-184-MHC

-vs-

JIM C. BECK

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**PROPOSED JURY INSTRUCTION NO. 2**
**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the Defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the

3

law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

<u>What is not evidence:</u>

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

Credibility of witnesses:

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;

- The witness's memory;

- The witness's manner while testifying;

- The witness's interest in the outcome of the case and any bias or prejudice;

- Whether other evidence contradicted the witness's testimony;

- The reasonableness of the witness's testimony in light of all the evidence; and

- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the Defendant is presumed innocent until proven guilty. The indictment against the Defendant brought by the Government is only an accusation, nothing more. It is not proof of guilt or anything else. The Defendant therefore starts out with a clean slate.

Second, the burden of proof is on the Government until the very end of the case. The Defendant has no burden to prove his innocence or to present any evidence, or to testify. Since the Defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a Defendant's choice not to testify. It is not evidence.

Third, the Government must prove the Defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with

whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the Defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light

8

of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses.

When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

Course of the trial:

The trial will now begin. First, the Government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, one of the Defendant's attorneys may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The Government will then present its witnesses, and counsel for the Defendant may cross-examine them. Following the Government's case, the Defendant may, if he wishes, present witnesses whom the Government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**PROPOSED JURY INSTRUCTION NO. 3**
**Preliminary and Explanatory Instructions to**
**Innominate (Anonymous) Jury**

Sometimes criminal trials attract the attention of the media and the public. The level of interest is unpredictable and not within my control. This case may attract some attention, so there may be curiosity about the participants – the lawyers, witnesses, the Defendant, judge, and perhaps even the jurors.

People may ask questions to learn more about the case. Even though these questions may be well-intentioned, they may still distract you from your duties as a juror. These questions can be awkward or inconvenient for you, your family, and your friends. They can be part of unwanted and improper approaches toward you from outside the courtroom.

During your service as a juror, you must not discuss this case with anyone. And even after the case is finished, you will never be required to explain your verdict or jury service to anyone.

Your names and personal information will be known only to court personnel and will not be disclosed.

To discourage unwanted publicity, telephone calls, letters, and questions, you will be referred to only by your juror number.

**PROPOSED JURY INSTRUCTION NO. 4**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**PROPOSED JURY INSTRUCTION NO. 5**
**The Duty to Follow Instructions and the Presumption Of**
**Innocence When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against the Defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all.  The Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**PROPOSED JURY INSTRUCTION NO. 6**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**PROPOSED JURY INSTRUCTION NO. 7**
**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

15

## PROPOSED JURY INSTRUCTION NO. 8
### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**PROPOSED JURY INSTRUCTION NO. 9**
**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**PROPOSED JURY INSTRUCTION NO. 10**
**Impeachment of Witnesses Because of Inconsistent Statements**
**(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**PROPOSED JURY INSTRUCTION NO. 11**

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**PROPOSED JURY INSTRUCTION NO. 12**
**On or About; Knowingly; Willfully – Intentional**
**Violation of a Known Legal Duty**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was done voluntarily and purposely with the specific intent to violate a known legal duty, that is, with the intent to do something the law forbids. Disagreement with the law or a belief that the law is wrong does not excuse willful conduct.

21

**PROPOSED JURY INSTRUCTION NO. 13**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## PROPOSED JURY INSTRUCTION NO. 14
### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## PROPOSED JURY INSTRUCTION NO. 15
### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

24

**PROPOSED JURY INSTRUCTION NO. 16**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**PROPOSED JURY INSTRUCTION NO. 17**
**Character Evidence**

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 18
### Good-Faith Defense

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

27

**Defense Proposed Good Faith Instruction**

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive **and cheat** others by making representations the Defendant knew to be false or fraudulent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.

An honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive **and cheat** others by making representations the Defendant knew to be false or fraudulent.

**Annotation**

*United States v. Dupre*, 462 F.3d 131 (2d. Cir. 2006) (upholding use of this instruction in a wire fraud case).

28

## GOVERNMENT'S OBJECTION TO DEFENDANT'S PROPOSED GOOD FAITH INSTRUCTION

Defendant's Proposed Good Faith Instruction includes unnecessary language that is not a part of the Eleventh Circuit Pattern Jury Instruction. The government requests the opportunity to address the Court further regarding this matter during the Pretrial Conference.

**S9**
**Defense Proposed Good-Faith Defense to Willfulness**
**(as under the Internal Revenue Code)**

Good-Faith is a complete defense to the charges in the indictment since good-faith on the part of the Defendant is inconsistent with willfulness, and willfulness is an essential part of the charges. If the Defendant acted in good faith, sincerely believing that the expenses were lawfully incurred and therefore lawfully deducted from the defendant's income tax return, then the Defendant did not intentionally violate a known legal duty – that is, the Defendant did not act "willfully." The burden of proof is not on the Defendant to prove good-faith intent because the Defendant does not need to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted willfully as charged.

Intent and motive must not be confused. "Motive" is what prompts a person to act. It is why the person acts.

"Intent" refers to the state of mind with which the act is done.

If you find beyond a reasonable doubt that the Defendant specifically intended to do something that is against the law and voluntarily committed the acts that make up the crime, then the element of "willfulness" is satisfied, even if the Defendant believed that violating the law was religiously, politically, or morally required or that ultimate good would result.

30

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PROPOSED GOOD-FAITH DEFENSE TO WILLFULNESS (AS UNDER THE INTERNAL REVENUE CODE)**

The government does not object to the Defendant's proposed instruction.

## Theory of Defense Instruction

**[RESERVED]**

**PROPOSED JURY INSTRUCTION NO. 19**
**Introduction to Offense Instructions**

The indictment charges 43 separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

**PROPOSED JURY INSTRUCTION NO. 20**
**Wire Fraud**
**18 U.S.C. § 1343**

Counts one through 12 charge the Defendant with committing wire fraud.  It is a Federal crime to use interstate wire communications to carry out a scheme to defraud someone else.  Telephone calls, text messages, and emails are considered to be wire communications.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material                                                                                          fact;

(3) the Defendant acted with the intent to defraud; and

(4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless

34

indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

**O51**
**Defendant Proposed Wire Fraud Instruction**
**18 U.S.C. § 1343**

It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) the Defendant acted with the intent to defraud **the Georgia Underwriting Association**;

(4) the Defendant transmitted or caused to be transmitted by [wire] some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive **AND** cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

37

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to cause loss or injury.  Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

## ANNOTATIONS AND COMMENTS

### DECEIVE AND CHEAT

The wire fraud statute criminalizes the use of interstate wires to further, not mere deception, but a scheme or artifice to defraud or obtain money or property, *i.e.*, to cheat someone out of something valuable. It follows that to be guilty of wire fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive **and** cheat.

In *Shaw v. United States*, ––– U.S. ––––, 137 S. Ct. 462, 196 L.Ed.2d 373 (2016), the Supreme Court considered a jury instruction defining "scheme to defraud" for the purpose of the bank fraud statute[1] as "any deliberate plan of action or course of conduct by which someone intends to deceive, cheat, or deprive a financial institution of something of value." *Id*. at 469. The Court rejected the accuracy of this instruction on the ground that "the scheme must be one to deceive the bank and deprive it of something of value." *Id*. Obviously, that reasoning clearly control here. The wording of *Shaw*'s instruction arguably allowed a jury to convict "if it found no more than that [the defendant's] scheme was one to deceive the [victim] but not to 'deprive' the [victim] of anything of value." *Id*. In light of *Shaw*, wire fraud requires the intent to deceive and cheat — in other words, to deprive the victim of money or property by means of deception. A defendant cannot commit wire fraud, then, based on "misrepresentations amounting only to a deceit." *Takhalov*, 827 F.3d at 1314 *quoting United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007). This has long been the law of several other circuits. For example, in *United States v. Walters*, 997 F.2d 1219 (7th Cir. 1993), the court reviewed the conviction for mail fraud of a sports agent who had defrauded the NCAA, not by stealing

---

[1] Because the bank, mail, and wire fraud statutes all use highly similar language, the Supreme Court's reasoning in *Shaw* applies to the wire fraud statute as well. *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020); *United States v. Lemons*, 941 F.2d 309, 318 (5th Cir. 1991).

its property, but by inducing college athletes to sign secret representation contracts in violation of the Association's rules. In other words, Walters had deceived, but not cheated, his victim. The Seventh Circuit reversed *Walters'* conviction, holding that the statute requires "a scheme to obtain money or other property from the victim," and that "[l]osses that occur as byproducts of a deceitful scheme do not satisfy the statutory requirement." *Id.* at 1227.

Other circuits have held similarly. The Second Circuit, for example, had concluded as much some two decades before *Walters*, holding in *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1180 (2d Cir. 1970) that "the government can[not] escape the burden of showing that some actual harm or injury [to the victim's money or property] was contemplated by the schemer." *See also United States v. Starr*, 816 F.2d 94, 101 (2d Cir. 1987) ("[I]t is error for a trial judge to charge a jury that contemplated harm is not an element of fraudulent intent.").[2]  The D.C. Circuit has also agreed, at least in *dicta*. *United States v. Lemire*, 720 F.2d 1327, 1335–36 (D.C. Cir. 1983) ("[T]here is judicial consensus about certain requisite elements of a scheme to defraud. ... [T]he scheme to defraud must threaten some cognizable harm to its target. ..."). *See also, e.g., United States v. Allen*, 491 F.3d 178, 187 (4th Cir. 2007) (upholding a jury instruction that, for the purposes of the wire fraud statute, to act with the intent to defraud means "to act knowingly and with the specific intent to deceive, for the purposes of causing some financial or property loss to another"); 2 Sand et al. *Modern Federal Jury Instructions*, Instruction 44-5 (2019) ("'Intent to defraud' means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.").

2.  *See United States v. Takhalov*, 827 F.3d 1307 (11th Cir.), modified on denial of reh'g, 838 F.3d 1168 (11th Cir. 2016). That is, we held that the instruction was "a correct statement of the law," id. at 1315–16; that it dealt with a critical matter raised at the trial, see id. at 1316–17; that it was not

---

[2] In *Takhalov*, the Eleventh Circuit explicitly acknowledges that the Second Circuit interpretation of scheme to defraud is correct. "[T]he defendants' argument is not that the Eleventh Circuit is bound by the opinions of the Second Circuit. The argument is that the Second Circuit's interpretation of the [wire fraud] statute is the right interpretation. Thus, the defendants argue, their proposed jury instruction was a correct statement of "the law," *i.e.*, the statute. We have already explained why we agree." *United States v. Takhalov*, 827 F.3d 1307, 1315 (11th Cir.), as revised (Oct. 3, 2016), opinion modified on denial of reh'g, 838 F.3d 1168 (11th Cir. 2016).

substantially covered by the district court's other instructions to the jury about the elements of wire fraud, see id. at 1317–20. *See also United States v. Feldman*, 931 F.3d 1245, 1267 (11th Cir. 2019).

## GOVERNMENT'S OBJECTION TO DEFENDANT'S PROPOSED WIRE FRAUD INSTRUCTION

Defendant's Proposed Wire Fraud Instruction includes unnecessary language that is not a part of the Eleventh Circuit Pattern Jury Instructions. Specifically, the government objects to the inclusion of the Georgia Underwriting Association and to the alteration of the Eleventh Circuit Pattern Jury Instructions' language from "deceive or cheat" to "deceive and cheat" since the government's proposed instruction sets forth the most recent version of the relevant Pattern Jury Instruction, which was revised in February 2020 and, therefore, after the opinions in *Shaw v. United States*, ___ U.S. ___, 137 S.Ct. 462 (2016) and *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016).

The government reserves the opportunity to address the Court further regarding this matter during the Pretrial Conference.

## PROPOSED JURY INSTRUCTION NO. 21
## Mail Fraud
## 18 U.S.C. § 1343

Counts 13 through 24 charge the Defendant with committing mail fraud. It's a Federal crime to use the United States mail or to transmit something by private or commercial interstate carrier in carrying out a scheme to defraud someone.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false or fraudulent pretenses, representations, or promises were about a material fact;

(3) the Defendant intended to defraud someone; and

(4) the Defendant used the United States Postal Service by mailing or by causing to be mailed or used a private or commercial interstate carrier by depositing or causing to be deposited with the carrier something meant to help carry out the scheme to defraud.

A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items from one state to another. It doesn't matter whether the message or item actually moves from one state to another as long as the message or item is delivered to the carrier.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth. It may be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent use false or fraudulent pretenses, representations, or promises to cause loss or injury.  Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details about the precise nature and purpose of the scheme or that the material mailed or deposited with an interstate carrier was itself false or fraudulent. It also does not have

to prove that the use of the mail or the interstate carrier was intended as the specific or exclusive means carrying out the fraud, or that the Defendant did the actual mailing or depositing. It doesn't even have to prove that anyone was actually defrauded.

To "cause" the mail or an interstate carrier to be used is to do an act knowing that the use of the mail or the carrier will usually follow in the ordinary course of business or where that use can reasonably be foreseen.

Each separate use of the mail or an interstate carrier as part of the scheme to defraud is a separate crime.

**O50.1**
**Defendant's Proposed Mail Fraud Instruction**
**18 U.S.C. § 1341**

It's a Federal crime to [use the United States mail] [transmit something by private or commercial interstate carrier] in carrying out a scheme to defraud someone.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

and

(3) the Defendant acted with the intent to defraud **the Georgia Underwriting Association**;

(4) the Defendant used [the United States Postal Service by mailing or by causing to be mailed] [a private or commercial interstate carrier by depositing or causing to be deposited with the carrier] something meant to help carry out the scheme to defraud.

A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items from one state to another. It doesn't matter whether the message or item actually moves from one state to another as long as the message or item is delivered to the carrier.

46

A "scheme to defraud" means any plan or course of action intended to deceive **and** cheat someone out of money or property using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth. It may be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent use false or fraudulent pretenses, representations, or promises to cause loss or injury. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details about the precise nature and purpose of the scheme or that the material [mailed] [deposited with an interstate carrier] was itself false or fraudulent. It also does not have

47

to prove that the use of [the mail] [the interstate carrier] was intended as the specific or exclusive means carrying out the fraud, or that the Defendant did the actual [mailing] [depositing]. It doesn't even have to prove that anyone was actually defrauded.

To "cause" [the mail] [an interstate carrier] to be used is to do an act knowing that the use of [the mail] [the carrier] will usually follow in the ordinary course of business or where that use can reasonably be foreseen.

Each separate use of [the mail] [an interstate carrier] as part of the scheme to defraud is a separate crime.

## ANNOTATIONS AND COMMENTS

The mail fraud statute, in plain and simple language, criminalizes the use of the mails or common carrier to further, not mere deception, but a scheme or artifice to defraud or obtain money or property, *i.e.*, in every day parlance, to cheat someone out of something valuable. It follows that to be guilty of wire fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive **and** cheat.

In *Shaw v. United States*, ––– U.S. ––––, 137 S. Ct. 462, 196 L.Ed.2d 373 (2016), the Supreme Court considered a jury instruction defining "scheme to defraud" for the purpose of the bank fraud statute[3] as "any deliberate plan of action or course of conduct by which someone intends to deceive, cheat, or deprive a financial institution of something of value." *Id*. at 469. The very

---

[3] Because the bank, mail, and wire fraud statutes all use highly similar language, the Supreme Court's reasoning in *Shaw* applies to the wire fraud statute as well. *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020); *United States v. Lemons*, 941 F.2d 309, 318 (5th Cir. 1991).

language used in the 11th Circuit's Pattern Jury Instruction. The Supreme Court cast serious doubt on the accuracy of this instruction on the ground that "the scheme must be one to deceive the bank and deprive it of something of value." *Id*. Obviously, that reasoning clearly control here. The wording of *Shaw*'s instruction arguably allowed a jury to convict "if it found no more than that [the defendant's] scheme was one to deceive the [victim] but not to 'deprive' the [victim] of anything of value." *Id*. In light of *Shaw*, wire fraud requires the intent to deceive and cheat — in other words, to deprive the victim of money or property by means of deception. A defendant cannot commit wire fraud, then, based on "misrepresentations amounting only to a deceit." *Takhalov*, 827 F.3d at 1314 *quoting United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007).

This has long been the law of several other circuits as well. For example, in *United States v. Walters*, 997 F.2d 1219 (7th Cir. 1993), the court reviewed the conviction for mail fraud of a sports agent who had defrauded the NCAA, not by stealing its property, but by inducing college athletes to sign secret representation contracts in violation of the Association's rules. In other words, Walters had deceived, but not cheated, his victim. The Seventh Circuit reversed *Walters*' conviction, holding that the statute requires "a scheme to obtain money or other property from the victim," and that "[l]osses that occur as byproducts of a deceitful scheme do not satisfy the statutory requirement." *Id*. at 1227.

Other circuits have held similarly. The Second Circuit, for example, had concluded as much some two decades before *Walters*, holding in *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1180 (2d Cir. 1970) that "the government can[not] escape the burden of showing that some actual harm or injury [to the victim's money or property] was contemplated by the schemer." *See also United States v. Starr*, 816 F.2d 94, 101 (2d Cir. 1987) ("[I]t is error for a trial judge to charge a jury that contemplated harm is not an element of fraudulent intent.").[4]  The D.C. Circuit has also agreed, at least in *dicta*. *United*

---

[4] In *United States v. Takhalov*, the Eleventh Circuit explicitly acknowledges that the Second Circuit interpretation of scheme to defraud is correct. "[T]he defendants' argument is not that the Eleventh Circuit is bound by the opinions of the Second Circuit. The argument is that the Second Circuit's interpretation of the [wire fraud] statute is the right interpretation.

*States v. Lemire*, 720 F.2d 1327, 1335–36 (D.C. Cir. 1983) ("[T]here is judicial consensus about certain requisite elements of a scheme to defraud. ... [T]he scheme to defraud must threaten some cognizable harm to its target. ..."). *See also, e.g.*, *United States v. Allen*, 491 F.3d 178, 187 (4th Cir. 2007) (upholding a jury instruction that, for the purposes of the wire fraud statute, to act with the intent to defraud means "to act knowingly and with the specific intent to deceive, for the purposes of causing some financial or property loss to another"); 2 Sand et al. *Modern Federal Jury Instructions*, Instruction 44-5 (2019) ("'Intent to defraud' means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.").

---

Thus, the defendants argue, their proposed jury instruction was a correct statement of "the law," *i.e.*, the statute. We have already explained why we agree." *United States v. Takhalov*, 827 F.3d 1307, 1315 (11th Cir.), as revised (Oct. 3, 2016), opinion modified on denial of reh'g, 838 F.3d 1168 (11th Cir. 2016).

**GOVERNMENT'S OBJECTION TO DEFENDANT'S PROPOSED MAIL FRAUD INSTRUCTION**

Defendant's Proposed Mail Fraud Instruction includes unnecessary language that is not a part of the Eleventh Circuit Pattern Jury Instructions. Specifically, the government objects to the inclusion of the Georgia Underwriting Association and to the alteration of the Eleventh Circuit Pattern Jury Instructions' language from "deceive or cheat" to "deceive and cheat" since the government's proposed instruction sets forth the most recent version of the relevant Pattern Jury Instruction, which was revised in February 2020 and, therefore, after the opinions in *Shaw v. United States*, ___ U.S. ___, 137 S.Ct. 462 (2016) and *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016).

The government reserves the opportunity to address the Court further regarding this matter during the Pretrial Conference.

**PROPOSED JURY INSTRUCTION NO. 22**
**Money Laundering**
**18 U.S.C. § 1957**

Counts 26 through 39 charged the Defendant with the crime of money laundering. It's a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt;

(1) the Defendant knowingly engaged or attempted to engage in a monetary transaction;

(2) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

(3) the property had a value of more than $10,000;

(4) the property was in fact proceeds of wire fraud and mail fraud as alleged in the indictment; and

(5) the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, and exchange of funds or a monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means a commercial bank or trust company.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing wire fraud or mail fraud. But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also it doesn't matter whether all the property involved was derived from a crime. The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.

## PROPOSED JURY INSTRUCTION NO. 23
### Aiding or Assisting in Preparation
### of False Documents Under Internal Revenue Laws
### 26 U.S.C. § 7206(2)

Counts 40 through 43 charge the Defendant with committing tax fraud.

It's a Federal crime to willfully aid or assist to prepare under the Internal

Revenue laws a document that is false or fraudulent as to any material matter.

The Defendant can be found guilty of this crime only if all the following

facts are proved beyond a reasonable doubt:

(1) That the Defendant aided in, assisted in, procured, counseled
or advised on the preparation or presentation of a return
arising under the Internal Revenue laws; and

(2) this return substantially overstated Schedule C business
expenses and substantially understated Schedule C business
profits in the amounts specified in the indictment; and

(3) the Defendant knew that the statement in the return was false;

(4) the false statement was material; and

(5) the Defendant did so with the intent to do something the
Defendant knew the law forbids.

It is not necessary that the Government prove that the falsity or fraud

was with the knowledge or consent of the person authorized or required to

present the return.

A declaration is "false" if it is untrue when it is made and the person

making it knows it is untrue.

54

A declaration contained within a document is "false" if it is untrue when the document is used and the person using it knows it is untrue.

A declaration is "material" if it relates to a matter of significance or importance as distinguished from a minor or insignificant or trivial detail. The Government does not have to show that it was deprived of any tax because of the false return, or that additional tax is due. It only has to prove that the Defendant aided and abetted the filing of a materially false return, which the Defendant knew violated the law.

**O109.2**
## Defendant's Proposed Aiding or Assisting in Preparation of False Documents Under Internal Revenue Laws
## 26 U.S.C. § 7206(2)

It's a Federal crime to willfully aid or assist to prepare under the Internal Revenue laws a document that is false or fraudulent as to any material matter.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) That the Defendant [aided in] [assisted in] [procured] [counseled] [advised on] the preparation [presentation] of [a return] [an affidavit] [a claim] arising under [in connection with any matter arising under] the Internal Revenue laws; and

(2) this return substantially overstated Schedule C business expenses and substantially understated Schedule C business profits in the amounts specified in the indictment;

(3) the defendant knew that the statement in the [return] [affidavit] [claim] was false;

(4) the false statement was material; and

(5) the defendant did so with the intent to do something the defendant knew the law forbids.

~~It is not necessary that the government prove that the falsity or fraud was with the knowledge or consent of the person authorized or required to present the [return] [claim] [affidavit] [document].~~

56

A declaration is "false" if it is untrue when it is made and the person making it knows it is untrue.

A declaration contained within a document is "false" if it is untrue when the document is used and the person using it knows it is untrue.

A declaration is "material" if it relates to a matter of significance or importance as distinguished from a minor or insignificant or trivial detail. The Government does not have to show that it was deprived of any tax because of the false return, or that additional tax is due. It only has to prove that the Defendant aided and abetted the filing of a materially false return, which the Defendant knew violated the law.

## ANNOTATIONS AND COMMENTS

26 U.S.C. § 7206(2) provides:

> [Any person who] [w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under the Internal Revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is within the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document [shall be guilty of an offense against the United States].

Maximum Penalty: Three (3)years imprisonment and $250,000 fine (or $500,000 in the case of a corporation). See 26 U.S.C. § 7206 and 18 U.S.C. § 3571.

Section 7206(2) requires willfulness. A willful violation of § 7206(2) has been defined as the voluntary, intentional violation of a known legal duty. Since this instruction incorporates this definition of willfulness in its elements, the

committee does not believe that it is necessary to also include Basic Instruction 9.1B for this offense.

The issue of "materiality" is for the jury, not the court. *United States v. Gaudin*, 515 U.S. 506, 115 S. Ct. 2310 (1995).

The deletion is required because the paragraph is otherwise confusing. Read literally, it would mean that the government would not have to prove that the defendant acted willfully (or with any criminal intent) because the defendant is a person required to present the return.

## GOVERNMENT'S OBJECTION TO DEFENDANT'S AIDING OR ASSISTING IN PREPARATION OF FALSE DOCUMENTS UNDER INTERNAL REVENUE LAWS

Defendant's Proposed Aiding or Assisting in Preparation of False Documents Under Internal Revenue Laws deletes language that is a part of the Eleventh Circuit Pattern Jury Instruction.

The government requests the opportunity to address the Court further regarding this matter during the Pretrial Conference.