IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | |
| JIM C. BECK | 1:19-cr-00184-MHC-JSA |

## CONSENT PRELIMINARY ORDER OF FORFEITURE

The jury having convicted the defendant, Jim C. Beck ("Defendant"), on Counts One through Four, Six through Eight, Eleven, Thirteen through Twenty-Five, Twenty-Six through Thirty-Three, and Thirty-Six through Thirty-Nine of the Superseding Indictment, pursuant to which the United States sought forfeiture of certain property under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a), and the Court having determined that the property described below is subject to forfeiture pursuant thereto, that the Government has established the requisite nexus between said property and the offenses charged in Counts One through Four, Six through Eight, Eleven, Thirteen through Twenty-Five, Twenty-Six through Thirty-Three, and Thirty-Six through Thirty-Nine of the Superseding Indictment, and the Defendant having consented to this Consent Preliminary Order of Forfeiture becoming final as to him, being made a part of his sentence and being included in the judgment against him;

IT IS HEREBY ORDERED that the Defendant shall forfeit to the United States his interest in the following property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1):

i.   FUNDS

    a. $80,000.00 in funds seized from United Community Bank Account ending 5675 held in the name of Jim Beck for Georgia, Inc., on May 14, 2019;

    b. $5,009.77 in funds seized from United Community Bank Account ending 9227 held in the name of Jimmy C Beck dba GA Christian Coalition, on May 14, 2019;

    c. $6,772.82 in funds seized from SunTrust Bank Account ending 3824 held in the name of Lucile R. Beck dba Creative Consultants, on May 14, 2019;

    d. $78,049.25 in funds seized from Ameriprise Financial Account ending 3133 held in the names of Lucile R. Beck and Jim C. Beck, on June 3, 2019; and,

    e. $256,901.64 in funds seized from Ameriprise Certificate Company account ending 9001 held in the names of Lucile R. Beck and Jim C. Beck Sr., on June 3, 2019.

ii.  MONEY JUDGMENT: A forfeiture money judgement in the amount of $2,064,781.85, representing the amount of proceeds the Defendant received as a result of the offenses upon which he was convicted.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1), the Defendant shall forfeit to the United States his interest, and whatever interest he might hold as an owner of Look into the Future Properties I, LLC and Look into the Future Properties II, LLC, in the following property:

    a.  The real property located at 404 Old Peachtree Road, Lawrenceville, Gwinnett County, Georgia 30043, more particularly described as:

        All that tract or parcel of land lying and being in Land Lot 149 of the 7th District, Gwinnett County, Georgia, being designated as Tract 2, containing 0.72 acres, as shown on a plat of survey recorded in Plat Book T, Page 127B, Gwinnett County, Georgia Records, which plat is incorporated herein by reference and made a part hereof;

    b.  The real property located at 556 Frashier Road, Carrollton, Carroll County, Georgia 30116, more particularly described as:

        All that tract or parcel of land lying and being in Land Lot 181 of the 5th District of Carroll County, Georgia, containing 0.88 acres, and being more particularly described on plat of survey for "Billy Maxwell," dated July 20, 2006, prepared by Henry T. McBrayer, GA RLS #2570, recorded in Plat Book 100, Page 231, Carroll County, Georgia Records, which plat is incorporated herein by reference for a more complete and accurate description of said property;

    (collectively, "Subject Real Property").

IT IS HEREBY ORDERED that upon entry of this order, the United States Attorney General, or his designee, is authorized to seize all of the property in accordance with Fed. R. Crim. P. 32.2(b)(3).

The United States shall publish notice of this Order and its intent to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1), any person, other than the named Defendant and Lucile Beck as set forth in Attachment A to this Consent Preliminary Order of Forfeiture, asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

4

The United States shall have clear title to the property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant but remains preliminary as to third parties, except for Lucile Beck as set forth in Attachment A to this Consent Preliminary Order of Forfeiture, until the ancillary proceeding is concluded under Rule 32.2(c).

SO ORDERED this _8th_ day of _October_, 2021.

_Mark H. Cohen_
MARK H. COHEN
UNITED STATES DISTRICT JUDGE

Submitted by:

_Sekret T. Sneed_
Sekret T. Sneed
Assistant United States Attorney

Consented to:

_William H. Thomas_
William H. Thomas Jr.
The W.H. Thomas Firm, LLC
bill@whthomaslawfirm.com
511 East Paces Ferry Road NE
Atlanta, GA 30305
(404) 897-3523

Consented to:

_William H. Thomas_ for Randy
Chartash
w/ permission
Randy S. Chartash
Chartash Law, LLC

Georgia Bar No. 121760
3151 Maple Dr., N.E.
Atlanta, Georgia 30305
randy@chartashlaw.com
(404)333-2423

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

      *v.*

JIM C. BECK

Criminal Action No.

1:19-cr-00184-MHC-JSA

**AGREEMENT BETWEEN THE UNITED STATES OF AMERICA AND
LUCILE BECK – ATTACHMENT A TO THE CONSENT PRELIMINARY
ORDER OF FORFEITURE**

Lucile Beck, Look into the Future Properties I, LLC and Look into the Future Properties, II, LLC, by and through their counsel, Randy S. Chartash, and the United States of America, by and through Kurt R. Erskine, Acting United States Attorney, and Sekret T. Sneed, Assistant United States Attorney, for the Northern District of Georgia (hereinafter, "Parties"), enter into this Agreement to ensure that the terms of the Consent Preliminary Order of Forfeiture consented to by the defendant, Jim C. Beck (hereinafter, the "Defendant"), and the United States of America, in the above-captioned action, may be fulfilled without further action on the part of either party or the Court and to resolve any and all claims that Lucile Beck, Look into the Future Properties I, LLC and Look into the Future Properties, II, LLC, may have pertaining to the United States' contentions that the following property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461 and 18 U.S.C. § 982(a):

1. FUNDS

   a. $80,000.00 in funds seized from United Community Bank Account ending 5675 held in the name of Jim Beck for Georgia, Inc., on May 14, 2019;

   b. $5,009.77 in funds seized from United Community Bank Account ending 9227 held in the name of Jimmy C Beck dba GA Christian Coalition, on May 14, 2019;

   c. $6,772.82 in funds seized from SunTrust Bank Account ending 3824 held in the name of Lucile R. Beck dba Creative Consultants, on May 14, 2019;

   d. $78,049.25 in funds seized from Ameriprise Financial Account ending 3133 held in the names of Lucile R. Beck and Jim C. Beck, on June 3, 2019; and,

   e. $256,901.64 in funds seized from Ameriprise Certificate Company account ending 9001 held in the names of Lucile R. Beck and Jim C. Beck Sr., on June 3, 2019.

(collectively, "Subject Funds").

2. REAL PROPERTY

   a. The real property located at 404 Old Peachtree Road, Lawrenceville, Gwinnett County, Georgia 30043, more particularly described as:

   All that tract or parcel of land lying and being in Land Lot 149 of the 7th District, Gwinnett County, Georgia, being designated as Tract 2, containing 0.72 acres, as shown on a plat of survey recorded in Plat

2

Book T, Page 127B, Gwinnett County, Georgia Records, which plat is incorporated herein by reference and made a part hereof;

b. The real property located at 556 Frashier Road, Carrollton, Carroll County, Georgia 30116, more particularly described as:

All that tract or parcel of land lying and being in Land Lot 181 of the 5th District of Carroll County, Georgia, containing 0.88 acres, and being more particularly described on plat of survey for "Billy Maxwell," dated July 20, 2006, prepared by Henry T. McBrayer, GA RLS #2570, recorded in Plat Book 100, Page 231, Carroll County, Georgia Records, which plat is incorporated herein by reference for a more complete and accurate description of said property;

(collectively, "Subject Real Property").

In consideration of the mutual agreements contained herein, and in the Consent Preliminary Order of Forfeiture in the above-captioned matter, the parties agree as follows:

1. Lucile Beck asserts that she is a fifty percent (50%) owner of Look into the Future Properties I, LLC and Look into the Future Properties II, LLC and, as such, has the authority to bind and represent Look into the Future Properties I, LLC and Look into the Future Properties II, LLC. Lucile Beck's husband, Jim C. Beck, the defendant in the above-captioned matter (hereinafter, "Defendant"), also is a fifty percent (50%) owner of Look into the Future Properties I, LLC and Look into the Future Properties II, LLC and, as such, also has the authority to bind and represent Look into the Future Properties I, LLC and Look into the Future Properties II, LLC.

3

2. Lucile Beck further asserts that Look into the Future Properties I, LLC is the record owner of the following real property listed above: 404 Old Peachtree Road, Lawrenceville, Gwinnett County, Georgia 30043.

3. Lucile Beck further asserts that Look into the Future Properties II, LLC is the record owner of the following real property listed above: 556 Frashier Road, Carrollton, Carroll County, Georgia 30116.

4. Lucile Beck acknowledges and agrees that the Subject Funds and Subject Real Property are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as property constituting, or derived from, proceeds obtained directly or directly as a result of violations of 18 U.S.C. § 1341 (mail fraud) and 18 U.S.C. § 1343 (wire fraud) and pursuant to 18 U.S.C. § 982(a)(1) as property involved in or traceable to violations of 18 U.S.C. § 1957 (money laundering) because the Defendant has been found guilty after a jury trial in the above-captioned matter.

5. Lucile Beck is aware of the terms and conditions of the Consent Preliminary Order of Forfeiture between the Defendant and the United States, including but not limited to, the Defendant's consent to the forfeiture of his interests in the Subject Funds and of his interests, on his own behalf, and on the behalf of Look into the Future Properties I, LLC and Look into the Future Properties II, LLC in the Subject Real Property.

6. In consideration of the Defendant's consent to the Consent Preliminary Order of Forfeiture and to release all claims to the Subject Funds and to the Subject Real Property in any ancillary proceedings in this matter, and in the related

4

civil forfeiture action, *United States v. $80,000 in Funds, et al.*, Civil Action No. 1:19-cv-04625-LMM, which is currently pending in the United States District Court for the Northern District of Georgia, Lucile Beck hereby enters into this Agreement with the United States.

7. Lucile Beck on behalf of herself, and on the behalf of Look into the Future Properties I, LLC and Look into the Future Properties II, LLC, waives, abandons, and disclaims any interest that she, Look into the Future Properties I, LLC or Look into the Future Properties II, LLC may have in the Subject Funds and Subject Real Property and consents to their immediate forfeiture in any action that the United States chooses.

8. Lucile Beck waives any and all notice of any such forfeiture required by 18 U.S.C. § 983, Rule 4 of the Federal Rules of Civil Procedure, Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, or any other applicable law or provision.

9. Lucile Beck agrees not to file any claim, answer, or petition for remission or request for restitution in any administrative or judicial proceeding pertaining to the Subject Property, on her behalf, or on the behalf of Look into the Future Properties I, LLC or Look into the Future Properties II, LLC, and if such a document has already been filed, she hereby withdraws that filing. Lucile Beck hereby expressly withdraws the Verified Claims she filed on her behalf, and on the behalf of Look into the Future Properties I, LLC and Look into the Future Properties II, LLC, in the related civil forfeiture action, *United States v. $80,000 in Funds, et al.*, Civil Action No. 1:19-cv-04625-LMM, which is

5

currently pending in the United States District Court for the Northern District of Georgia. Lucile Beck agrees to execute any necessary documents, including a consent dismissal, to dismiss or resolve this pending civil action.

10. Lucile Beck represents that, to the best of her knowledge, and excluding the interests of the Defendant which have been forfeited in the Consent Preliminary Order of Forfeiture, no other person or entity has an interest in the Subject Property and that she has not transferred, conveyed or encumbered her interest in said property. Lucile Beck agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property, including providing and endorsing title certificates and quitclaim deeds or causing others to do the same where third parties hold nominal title on her behalf, or on the behalf of Look into the Future Properties I, LLC and Look into the Future Properties II, LLC, to a person designated by the United States. Lucile Beck agrees to take all steps necessary to ensure that the Subject Funds and the Subject Real Property are not hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture, and that she will not take any action inconsistent with the terms of the Plea Agreement or with this Agreement. Lucile Beck acknowledges by virtue of this disclaimer that neither she, Look into the Future Properties I, LLC nor Look into the Future Properties II, LLC shall have any standing to contest any forfeiture action against the Subject Funds and/or the Subject Real Property.

11. Lucile Beck waives all constitutional, legal, and equitable defenses to the forfeiture of the Subject Funds and the Subject Real Property in any

proceeding. Lucile Beck freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the Subject Funds and the Subject Real Property.

12. Lucile Beck hereby releases any and all claims, rights, and causes of action she, Look into the Future Properties I, LLC or Look into the Future Properties II, LLC, has or may have against the United States and its employees as a result of any seizures arising from the above-captioned matter or the related civil proceeding, *United States v. $214,683.92 in U.S. Currency, et al.*, Civil Action No. 1:19-cv-01704-CAP.

13. Lucile Beck acknowledges full, final, and complete settlement in satisfaction of any and all claims of whatever kind, character, and description, which she, Look into the Future Properties I, LLC or Look into the Future Properties II, LLC, may have or ever had or may hereafter have against the United States of America, its representatives, officers, agents and employees in connection with the forfeiture of the Subject Funds and/or the Subject Real Property.

14. Lucile Beck, on her own behalf and on the behalf of Look into the Future Properties I, LLC or Look into the Future Properties II, LLC, further agrees to waive all rights to participate in any ancillary proceeding(s) conducted under 21 U.S.C. § 853 in connection with this criminal action and any forfeiture proceeding conducted under 18 U.S.C. §§ 981 and 983 that arises out of the facts and circumstances resulting in this case.

15. The Parties shall each be responsible for any attorneys' fees and costs incurred in connection with this matter.

7

16. Lucile Beck hereby acknowledges and agrees that she has been afforded the opportunity to consult with competent counsel in connection with the negotiation, preparation, and execution of this Agreement, that its provisions and the legal effect of them have been explained to her, and that she has entered into this Agreement freely and voluntarily, without coercion, duress, or undue influence.

17. The Parties to this agreement acknowledge that this document and the Consent Preliminary Order of Forfeiture contain the entire agreement between the Parties, that no promise inducement has been made except as is set forth within those two documents, that this Agreement has no effect on any potential civil, criminal, administrative or tax-related action that may be brought by any State or the United States against Lucile Beck, and that no representation or agreements, oral or otherwise, between the Parties to this Agreement and not included within this document or the Consent Preliminary Order of Forfeiture shall be of any force and effect. Each party to this Agreement relies upon his or her or its own judgment and similarly his, her, or its own belief and knowledge of the facts underlying this agreement and the liability, if any, which might arise from such facts. In making this Agreement, no party relies on any statement or representation, oral or otherwise, made by an opposing party not found in this Agreement or in the Consent Preliminary Order of Forfeiture.

18. The terms and conditions of this Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, representatives, successors and assignees.

19. This Agreement may be executed in counterparts, each of which constitutes an original, and all of which constitute one and the same Agreement.

DATED: _10/08/2021_

SEKRET T. SNEED
*Assistant United States Attorney*
Attorneys for
UNITED STATES OF AMERICA

DATED: _10/8/2021_

LUCILE BECK

DATED: _10/8/2021_

RANDY S. CHARTASH
Chartash Law, LLC
Georgia Bar No. 121760
3151 Maple Dr., N.E.
Atlanta, Georgia 30305
randy@chartashlaw.com
(404)333-2423

For
Randy
Chartash
w/ permission

Attorneys for LUCILE BECK

9